IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–00007–MSK–KMT

RANDAL ANKENEY, individually and on behalf of all others similarly situated,
FRED DALE, individually and on behalf of all others similarly situated,
DAMAN THOMPSON, individually and on behalf of all others similarly situated,
ALEJANDRO PEREZ, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

STATE OF COLORADO,
RICK RAEMISCH, in his official capacity as Executive Director of the Colorado Department of Corrections, and in his individual capacity,
ROGER WERHOLTZ, in his official capacity as Executive Director of the Colorado Department of Corrections, and in his individual capacity,
TONY CAROCHI, in his official capacity as Executive Director of the Colorado Department of Corrections, and in his individual capacity,
TOM CLEMENTS, in his official capacity as Executive Director of the Colorado Department of Corrections, and in his individual capacity by and through his ESTATE,
ARISTEDES ZAVARIS, in his official capacity as Executive Director of the Colorado Department of Corrections, and in his individual capacity,
JOE ORTIZ, in his official capacity as Executive Director of the Colorado Department of Corrections, and in his individual capacity, and
JOHN SUTHERS, in his official capacity as Executive Director of the Colorado Department of Corrections, and in his individual capacity,

    Defendants.

---

**ORDER**

---

This matter is before the court on "Defendants' Unopposed Motion to Stay Discovery"

(Doc. No. 24, filed March 28, 2014.)

[1]

In their Amended Complaint (Doc. No. 9, filed January 7, 2014), Plaintiffs allege claims pursuant to 42 U.S.C. § 1983, asserting that the Defendants' have failed to properly calculate their sentences with regard to award of good time and earned time credit. (*See id.*) On March 14, 2014, the defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (*See* Doc. No. 24.) In their motion to dismiss, Defendants assert abstention under the abstention under the *Younger* doctrine and qualified immunity regarding Plaintiffs' claims for damages against them in their individual capacities. (*Id.*) The State of Colorado also asserts immunity to all claims against it pursuant to the Eleventh Amendment. (*Id.*) The defendants now move for a stay of discovery in this action pending ruling on their motion to dismiss.

Immunity provisions, whether qualified, absolute or pursuant to the Eleventh Amendment, are meant to free officials from the concerns of litigation, including avoidance of disruptive discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (citing *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)); *see also Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (noting that qualified immunity, if successful, protects an official both from liability and the ordinary burdens of litigation, including far-ranging discovery) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)). As explained by the Court in *Iqbal*, there are serious and legitimate reasons for this protection:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government. The costs of diversion are only magnified when Government officials are charged with responding to [the burdens of litigation discovery].

*Id*. at 685.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006). Fed. R. Civ. P. 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c). Moreover,

> [t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). An order staying discovery is thus an appropriate exercise of this court's discretion. *Id.*

Additionally, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, at 198 (3d ed. 2010). Although a stay of all discovery is generally disfavored, *see Bustos v. U.S.*, 257 F.R.D. 617, 623 (D. Colo. 2009), a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). *See also Vivid Techs., Inc. v. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning

other issues until the critical issue is resolved"). When considering a stay of discovery, this court considers: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. 1987)).

Plaintiff does not oppose the Motion to Stay. Therefore, any prejudice to Plaintiffs' ability to proceed expeditiously with this case does not weigh heavily in the court's analysis. Moreover, the court finds that any potential prejudice to Plaintiffs is outweighed by the burden the defendants would face if forced to proceed with discovery in spite of well-established precedent supporting a stay when an immunity defense has been raised. Further, although qualified immunity is a potential defense only as to Plaintiffs' individual-capacity claims under § 1983, *see Rome v. Romero,* 225 F.R.D. 640, 643-644 (D. Colo. 2004), the Supreme Court has recognized:

> It is no answer to these concerns [of avoiding disruptive discovery] to say that discovery can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Iqbal,* 556 U.S. at 685. As such, proceeding with discovery as to claims that are not subject to the assertion of qualified immunity is not a permissible alternative.

The third *String Cheese* factor also favors a stay. Although the court has an interest in managing its docket by seeing cases proceed expeditiously, any inconvenience that might result

4

from rescheduling the docket is outweighed by the potential waste of judicial and party resources that would result from allowing discovery to proceed, only to have the case dismissed in its entirety on the grounds raised in the motions to dismiss. *See Nankivil*, 216 F.R.D. at 692 (a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action.").

Finally, neither the interest of nonparties or the public interest in general prompt the court to reach a different result. Accordingly, on balance, the court finds that a stay of discovery is appropriate in this case. Therefore, it is

**ORDERED** that "Defendants' Unopposed Motion to Stay Discovery" (Doc. No. 24) is **GRANTED**. All discovery in this matter is hereby **STAYED**. The Scheduling Conference set for April 24, 2014, is **VACATED**. The parties shall file a Joint Status Report within five days of a ruling on the motion to dismiss, if any portion of the case remains pending, to advise if the Scheduling Conference should be reset.

Dated this 7th day of April, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge